**IN THE COURT OF APPEALS OF IOWA**

No. 15-1272
Filed August 31, 2016

**JAMES WALTON,**
        Plaintiff-Appellant,

**vs.**

**SEAN PRUNCHAK,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

        James Walton appeals the district court's denial of his motion in limine and trial objections regarding the admission of testimony from an expert witness. **AFFIRMED.**

        John O. Moeller, Davenport, for appellant.

        Eric M. Knoernschild and Amber J. Hardin of Stanley, Lande & Hunter, P.C., Muscatine, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

James Walton sued Sean Prunchak for damages arising out of a motor vehicle crash in which the pickup truck Prunchak was driving collided with the rear of a tractor-trailer operated by Walton. Walton alleged Prunchak's negligent operation of his motor vehicle caused personal injuries. Over Walton's objection, Ron Fijalkowski, Ph.D., a biomechanical engineer, testified as an expert for Prunchak concerning the causation mechanisms in the accident. Walton has appealed, arguing the district court abused its discretion by allowing the testimony of Fijalkowski. After a jury award in favor of Walton, judgment was entered. Prunchak paid the amount of the judgment and argues on appeal that Walton waived his right to appeal when he accepted payment of the judgment and executed a release. We conclude the district court did not abuse its discretion in admitting the testimony of Fijalkowski and affirm.

The basic facts concerning the accident are not contested. James Walton was driving a tractor-trailer rig. After he made a left turn onto a four-lane highway, he switched lanes to the other lane. Prunchak was driving approximately sixty-five miles per hour and did not have time to avoid colliding with the rear of the trailer attached to the tractor Walton was driving. Walton was driving approximately thirty-five to forty miles per hour when the collision occurred. Prunchak's vehicle hit Walton's vehicle square on.

Soon after the accident, Walton sought medical treatment for wrist and neck pain. He first complained of shoulder pain several months later, resulting in a diagnosis of a rotator cuff tear. Walton alleged all injuries we caused by the collision. Prunchak challenged the claim the rotator cuff tear was caused by the

collision. At trial, Prunchak offered the testimony of Ron Fijalkowski to opine that the collision did not cause the rotator cuff tear.

We review a challenge to the admissibility of testimony of an expert witness for an abuse of discretion. *See Quad City Bank & Trust v. Jim Kircher & Assocs., P.C.*, 804 N.W.2d 83, 92 (Iowa 2011). "We will not reverse the district court's admission of expert testimony 'absent a manifest abuse of that discretion to the prejudice of the complaining party.'" *Johnson v. Knoxville Cmty. Sch. Dist.*, 570 N.W.2d 633, 636-37 (Iowa 1997) (citation omitted). "We are committed to a liberal rule on the admission of opinion testimony, and only in clear cases of abuse would the admission of such evidence be found to be prejudicial." *Leaf v. Goodyear Tire & Rubber Co.*, 590 N.W.2d 525, 531 (Iowa 1999) (citation omitted). Walton preserved error on this issue by filing a pretrial motion in limine and by objecting during trial.

One requirement for expert testimony to be admissible in Iowa is the evidence must be relevant. Iowa R. Evid. 5.402; *Mercer v. Pittway Corp.*, 616 N.W.2d 602, 628 (Iowa 2000). Another requirement is the expert testimony must be in the form of "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue." Iowa R. Evid. 5.702; *Mercer*, 616 N.W.2d at 628. And, "the witness must be qualified as an expert by knowledge, skill, experience, training, or education." *Mercer*, 616 N.W.2d at 628. Those first two requirements have been described as a "preliminary determination [that] not only requires the court to consider the existence of a reliable body of 'scientific, technical, or other specialized knowledge,' but [] also requires the court to ensure the evidence is relevant in

assisting the trier of fact." *Ranes v. Adams Labs., Inc.*, 778 N.W.2d 677, 685 (Iowa 2010) (citation omitted). "In all circumstances involving expert testimony, the proponent of the evidence has the burden of demonstrating to the court as a preliminary question of law the witness's qualifications and the reliability of the witness's opinion." *Id.* at 686.

At trial and on appeal, Walton challenges the basis for Fijalkowski's opinion and its reliability, and thus the admissibility of Fijalkowski's testimony and ultimate opinion. Fijalkowski has both a bachelor's of science and a doctorate degree in biomedical engineering. He claims several specialties, including injury causation biomechanics, human injury mechanisms, and vehicular accident reconstruction. His research and experience include a variety of biomechanical investigations or evaluations of motor vehicle crash forces, occupant response, injury mechanisms, and injury causation. He has authored numerous peer-reviewed journal articles and has often been qualified as an expert witness to testify in legal proceedings in several jurisdictions.

Walton argues in the alternative that the district court abused its discretion when it allowed Fijalkowski to testify at all, or that it abused its discretion when it allowed Fijalkowski to give his opinion the collision did not cause the rotator cuff injury. On our review of the record, we determine there is a reliable body of scientific, technical, or specialized knowledge concerning biomechanics (also called biomedical engineering), and particularly concerning the interface between mechanics and biology in the evaluation of motor vehicle collisions and questions of injury mechanisms and causation. We also determine Fijalkowski's testimony was relevant as it was likely to assist the jury in understanding the probable

occupant response of Walton under the facts presented.[1] Fijalkowski's ultimate opinion, applying methodologies based on his education, experience, peer-reviewed publications, and generally accepted scientific investigations, was sufficiently reliable to be admissible.

Walton's pretrial motion in limine, his objection to admissibility renewed during trial, and his arguments on appeal, rise to the level of challenges to the weight to be afforded the opinion of Fijalkowski. We do not find that such challenges to the weight of the testimony are sufficient to carry Walton's burden to show the district court abused its discretion admitting the testimony and ultimate opinion of Fijalkowski.

We need not, and therefore do not, reach the waiver issue posed by Prunchak.

**AFFIRMED.**

---

[1] Walton argues we should apply a bifurcated analysis of both general causation and specific causation as approved by our supreme court for application in toxic-tort cases. *See Ranes*, 778 N.W.2d at 688. We decline to extend the application of a bifurcated analysis to the case before us.